Macomber, J.
While the fact of a co-partnership may doubtless be established by the declarations of a party, yet the evidence of such declarations, especially when the person whose estate is sought to be charged is dead, ought to be clear, positive, unequivocal and entirely consistent with the acts and conduct of the members of the co-partnership. Furthermore, such evidence would naturally be sought among persons whose social or business relations were intimate with the party whose words they undertake to give.
If the testimony relied upon had come from the witnesses Hamilton and Seined, the last of the above-mentioned conditions would be met; but they, though called for the plaintiff, gave no evidence from which a conclusion that a co-partnership existed can be derived. The testimony of the other three witnesses seems to me to be strained and unnatural in many respects, and it should not be permitted to establish the existence of the alleged co-partnership because, instead of being in support and corroboration of the *387 acts and conduct of the parties, it is inconsistent therewith, even as the case stands under the plaintiff’s evidence. It is an established fact that prior to the 31st day of March, 1882, the plaintiff had been in the employ of the defendant’s intestate as his clerk. No circumstance is shown by which that relationship of the plaintiff and the intestate ceased to exist; but, on the contrary, all the attending facts—leaving-out of view the mere declarations of the deceased—tend to demonstrate, what perhaps would be presumed to exist in the absence of evidence establishing a change thereof, that such relation continued until November 2, 1882, the date of the death of the intestate. The plaintiff was called as a witness in his own behalf and testified as follows:
Q. What did you do, if anything, in reference to Mr. Sizer’s business after that time, (i. e., after March 81?) A. I did as I did previously; I attended to the business every day as I had done previously; I did after that time as I had done before—went on as usual; I attended to the business every day after he went away just the same as I did when he was here—called on my patrons, went to the appraiser’s department and examined the goods and reported.
Q. What did you do in reference to the collection of money? A. I collected the money the same; I put it in the bank same as I used to.
Q. How long did his absence continue? A. Six months, I should judge; he returned to New York in September, 1882.
Q. During his absence did any one else attend to the business except yourself? A. No one else but a clerk; I had a clerk to assist me.
There is no evidence that the usual and ordinary facts attending the establishment of a copartnership existed; no persons dealt with the firm with knowledge or notice of its existence; there were no partnership books of account and no business cards announcing a copartnership, and no change of the name under which the old business was done.
After the death of Mr. Sizer, however, instead of winding up the business as surviving partner, the plaintiff seems voluntarily to have turned it over to the personal representative of the deceased, and then to have begun the same kind of business in his own name.
Under all the facts, therefore, it seems to me that the trial court was justified in dismissing the complaint upon the evidence of the plaintiff, and in holding, not that the three witnesses committed perjury, but that their testimony, from its nature, was subject to the many imperfections and liabilities to mistake, and was, under the circumstances otherwise appearing in the case, insufficient to establish the alleged copartnership.
But the defendant was not entitled to a finding that the plaintiff had no cause of action against him individually; yet, perhaps no complaint can properly be made of that finding, inasmuch as it did not get into the judgment itself. Still, as the judgment-roll ought not to be permitted to show anything more than a final decision of the matters litigated, the order should modify the judgment by dismiss *388 ing the complaint upon the merits against the defendant as administrator only, and as so modified the judgment should be affirmed with costs.
Brady and Daniels, JJ., concur.